IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17-CR-3012 |
| vs. | |
| CHRISTINE DARLEY, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant objects to the presentence report (filing 32) and has moved for a downward departure and variance (filing 35).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to the restitution amount as reflected in the presentence investigation report. The government has the burden to prove loss calculation by a preponderance of the evidence. *United States v. Adejumo,* 848 F.3d 868, 870 (8th Cir. 2017). Accordingly, the Court will resolve this issue based on the evidence presentenced at sentencing.

The defendant has also moved for a downward departure pursuant to U.S.S.G. § 5H1.6 and U.S.S.G. § 5K2.0(a)(4), based on extraordinary family circumstances. Filing 35. Extraordinary

family circumstances, *i.e.*, outside of the "heartland" of cases the Guidelines were intended to cover, can be the basis for a downward departure. *United States v. Haversat*, 22 F.3d 790, 797 (8th Cir. 1994); *see United States v. Bueno*, 549 F.3d 1176, 1181 (8th Cir. 2008). A defendant bears the burden of proving the appropriateness of a downward departure. *United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993). The Court will resolve this motion at sentencing.

Additionally, the defendant has moved for a variance based on her individual circumstances. Filing 35. The Court will resolve this motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 5th day of December, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge